UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Jesus Monzon
and other similarly situated individuals,

    Plaintiff(s),

v.

Pequenos Gigantes Adult Day Care Inc.,
and Dayana Araujo, individually,

    Defendants,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

    COMES NOW the Plaintiff Jesus Monzon and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants Pequenos Gigantes Adult Day Care Inc., and Dayana Araujo, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid regular and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Jesus Monzon is a resident of Dade County, Florida. within the jurisdiction of this Honorable Court, and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Pequenos Gigantes Adult Day Care Inc. (hereinafter Pequenos Gigantes Adult Day Care, or Defendant) is a Florida corporation having its place of business in Dade County. Defendant was engaged in interstate commerce.

4. The individual Defendant Dayana Araujo, as and is now the owner/partner/officer and manager of Defendant Corporation Pequenos Gigantes Adult Day Care. Defendant Dayana Araujo was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Dade County, Florida, within the jurisdiction of this Court.

General Allegations

6. This cause of action is brought by Plaintiff Jesus Monzon, and other similarly situated employees to recover from Defendants overtime compensation, retaliatory damages, liquidated damages, and the costs and reasonable Attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant Pequenos Gigantes Adult Day Care is an adult day care center for seniors and persons with disabilities. Defendant provides patients' transportation services from their homes to the center at 16 NW 26 Avenue, Miami, Florida 33125.

8. Defendant Pequenos Gigantes Adult Day Care was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant provides care to the aged and handicapped, including patient transportation services. Defendant worked in connection with a federal agency. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the

Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a driver transporting patients beneficiaries of a federal agency. Through his daily activities, Plaintiff used the channels of interstate commerce and handled and worked on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

10. Defendants Pequenos Gigantes Adult Day Care and Dayana Araujo, employed Plaintiff Jesus Monzon as a full-time, non-exempted, hourly employee from approximately July 10, 2023, to January 19, 2023, or 2 weeks.

11. Defendant Pequenos Gigantes Adult Day Care hired Plaintiff Jesus Monzon as a driver. Plaintiff drove a passenger van, and his duties consisted of driving patients to and from the adult day care center Pequenos Gigantes Adult Day Care.

12. Plaintiff was promised a wage rate of $12.50 an hour per day, or $500.00.00 weekly, plus meals at lunchtime.

13. During his first week of employment, Plaintiff was required to receive training. Plaintiff worked four days from 6:00 AM to 5:00 PM (11 hours) a total of 42 hours. Plaintiff has deducted two hours of lunchtime.

14. In the second week, Plaintiff worked the same schedule, and he completed only 28 hours.

15. On Wednesday, July 19, 2023, Plaintiff requested to be paid for his first week of employment. Plaintiff was told that he was not entitled to be paid for training time.

16. However, after his complaint, business owner Dayana Araujo fired Plaintiff using a pretextual reason.

17. At the time of his termination, Plaintiff was not paid for his work and services. Defendant Dayana Araujo told Plaintiff that he was supposed to pay her $325.00 for meals provided, $100.00 for a drug test, and $100.00 for an alcohol test. Dayana Araujo requested Plaintiff to pay Defendants a total of $525.00.

18. Plaintiff did not clock in and out, but Defendants were in absolute control of Plaintiff's route, and they knew about the number of hours that Plaintiff worked.

19. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

20. Defendants never paid Plaintiff for his hours worked at any rate, not even at the minimum wage rate, as required by law.

21. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

22. At times mentioned, individual Defendant Dayana Araujo was, and is now, the owner/partner/and manager of Pequenos Gigantes Adult Day Care. Defendant Dayana Araujo was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Pequenos Gigantes Adult Day Care's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Dayana Araujo had financial and operational control of the business determining Plaintiff's terms and conditions of employment. Accordingly, they are jointly and severally liable for Plaintiff's damages.

23. Plaintiff Jesus Monzon seeks to recover unpaid regular and overtime wages for every hour worked over 40 during his employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

## Collective Action Allegations

24. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

25. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

26. This action is intended to include every driver and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

27. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay a reasonable Attorney's fee.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

28. Plaintiff Jesus Monzon re-adopts every factual allegation stated in paragraphs 1-27 above as if set out in full herein.

29. Plaintiff Jesus Monzon brings this cause of action as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after July 2023, (the "material time")

without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

30. Defendants Pequenos Gigantes Adult Day Care and Dayana Araujo, employed Plaintiff Jesus Monzon as a full-time, non-exempt, hourly employee from approximately July 10, 2023, to January 19, 2023, or 2 weeks.

31. Defendants Pequenos Gigantes Adult Day Care and Dayana Araujo hired Plaintiff Jesus Monzon as a driver. Plaintiff drove a passenger van, and his duties consisted of driving patients to and from the adult day care center Pequenos Gigantes Adult Day Care.

32. Plaintiff was promised a wage rate of $12.50 an hour per day, or $500.00.00 weekly, plus meals at lunchtime.

33. During his first week of employment, Plaintiff was required to receive training. Plaintiff worked four days from 6:00 AM to 5:00 PM (11 hours) a total of 42 hours. Plaintiff has deducted two hours of lunchtime.

34. In the second week, Plaintiff worked the same schedule, and he completed only 28 hours.

35. On Wednesday, July 19, 2023, Plaintiff requested to be paid for his first week of employment. Plaintiff was told that he was not entitled to be paid for training time.

36. However, after his complaint, business owner Dayana Araujo fired Plaintiff using a pretextual reason.

37. Plaintiff did not clock in and out, but Defendants were in absolute control of Plaintiff's route, and they knew about the number of hours that Plaintiff worked.

38. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

39. Defendants never paid Plaintiff for his hours worked at any rate, not even at the minimum wage rate, as required by law.

40. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

41. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

42. The Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

43. Before the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
*Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of unpaid O/T wages</u>:

      Thirty-Seven Dollars and 50/100 ($37.50)

   b. <u>Calculation of such wages</u>:

      Total weeks of employment:  2 weeks
      Relevant weeks of employment:  1 week
      Total number of hours worked: 42 hours
      Total number of O/T hours: 2 O/T hours
      Wage rate: $12.50 an hour x 1.5=$18.75 O/T rate
      O/T rate: $18.75

      $18.75 x 2 O/T hours=$37.50 weekly x 1 week=$37.50

<u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid overtime wages.[1]

44. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked over the maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay him at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

45. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

46. Defendants Pequenos Gigantes Adult Day Care and Dayana Araujo willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

47. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay a reasonable Attorney's fee.

<u>Prayer For Relief</u>

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

Wherefore, Plaintiff Jesus Monzon and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Defendants Pequenos Gigantes Adult Day Care and Dayana Araujo based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Jesus Monzon and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## <u>COUNT II:</u><br><u>F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS</u>

48. Plaintiff Jesus Monzon re-adopts every factual allegation as stated in paragraphs 1-27 of this Complaint as if set out in full herein.

49. This action is brought by Plaintiff to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable Attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce,

or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day.

50. Defendants Pequenos Gigantes Adult Day Care and Dayana Araujo, employed Plaintiff Jesus Monzon as a full-time, non-exempted, hourly employee from approximately July 10, 2023, to January 19, 2023, or 2 weeks.

51. Defendants Pequenos Gigantes Adult Day Care and Dayana Araujo hired Plaintiff Jesus Monzon as a driver, and his duties consisted of driving patients to and from the adult day care center Pequenos Gigantes Adult Day Care.

52. Plaintiff was promised a wage rate of $12.50 an hour per day, or $500.00.00 weekly, plus meals at lunchtime.

53. During his first week of employment, Plaintiff was required to receive training. Plaintiff worked four days from 6:00 AM to 5:00 PM (11 hours) a total of 42 hours. Plaintiff has deducted two hours of lunchtime.

54. In the second week, Plaintiff worked the same schedule, and he completed only 28 hours.

55. On Wednesday, July 19, 2023, Plaintiff requested to be paid for his first week of employment. Plaintiff was told that he was not entitled to be paid for training time.

56. However, after his complaint, business owner Dayana Araujo fired Plaintiff using a pretextual reason.

57. At the time of his termination, Defendants refused to pay Plaintiff his hours worked at any rate, not even at the minimum wage rate, as required by law.

58. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

59. At all times, during Plaintiff's employment, Defendants were in absolute control of Plaintiff's route, and they knew about the number of hours worked by Plaintiff.

60. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

61. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated individuals.

62. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

63. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

64. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

    *Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
    Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. Total amount of alleged unpaid wages:

      Seven Hundred Forty-Eight Dollars and 00/100 ($748.00)

  b. <u>Calculation of such wages</u>:

    Total period of employment: 2 weeks
    Total number of unpaid weeks: 2 weeks
    Total number of unpaid hours: 40 regular hours weekly
    FL Minimum wage 2023: $11.00

    1.- Unpaid Minimum wage first week, 40 hours

    $11.00 x 40 hours=$440.00 weekly x 1 weeks=$440.00

    2.- Unpaid Minimum wages second week, 28 hours

    $11.00 x 28 hours=$328.00

    Total #1 and #2: $748.00

  c. <u>Nature of wages</u>:

    This amount represents regular unpaid wages at the Florida minimum wage rate.[2]

65. Defendants Pequenos Gigantes Adult Day Care and Dayana Araujo unlawfully failed to pay minimum wages to Plaintiff.

66. Defendants knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

67. Defendants Pequenos Gigantes Adult Day Care and Dayana Araujo willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves his right to amend the calculations.

68. Plaintiff has retained the law offices of the undersigned Attorney to represent him individually and on behalf of the asserted class and incurred Attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable Attorney's fees and costs.

## Prayer for Relief

Wherefore, Plaintiff Jesus Monzon respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants Pequenos Gigantes Adult Day Care and Dayana Araujo based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Jesus Monzon and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3); RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

69. Plaintiff Jesus Monzon re-adopts every factual allegation stated in paragraphs 1-23 of this complaint as if set out in full herein.

70. Defendant Pequenos Gigantes Adult Day Care was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A).

71. Because of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

72. 29 U.S.C. § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

73. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

74. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

75. Defendants Pequenos Gigantes Adult Day Care and Dayana Araujo, employed Plaintiff Jesus Monzon as a full-time, non-exempted, hourly employee from approximately July 10, 2023, to January 19, 2023, or 2 weeks.

76. Defendants Pequenos Gigantes Adult Day Care and Dayana Araujo hired Plaintiff Jesus Monzon as a driver, and his duties consisted of driving patients to and from the adult day care center Pequenos Gigantes Adult Day Care.

77. Plaintiff was promised a wage rate of $12.50 an hour per day, or $500.00.00 weekly, plus meals at lunchtime.

78. During his first week of employment, Plaintiff was required to receive training. Plaintiff worked four days from 6:00 AM to 5:00 PM (11 hours) a total of 42 hours. Plaintiff has deducted two hours of lunchtime.

79. In the second week, Plaintiff worked the same schedule, and he completed only 28 hours.

80. On Wednesday, July 19, 2023, Plaintiff requested to be paid for his first week of employment. Plaintiff was told that he was not entitled to be paid for training time.

81. These complaints constituted protected activity under 29 U.S.C. 215(a) (3).

82. However, after his complaint, business owner Dayana Araujo fired Plaintiff using a pretextual reason.

83. At the time of his termination, Defendants refused to pay Plaintiff his hours worked at any rate, not even at the minimum wage rate, as required by law.

84. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

85. At all times, during Plaintiff's employment, Defendants were in absolute control of Plaintiff's route, and they knew about the number of hours worked by Plaintiff.

86. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

87. Defendants also failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

88. At all times during his employment, Plaintiff performed his work satisfactorily. Consequently, there was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

89. The termination of Plaintiff Jesus Monzon by Defendants was directly and proximately caused by Defendants' unjustified retaliation against Plaintiff because he complained about missing payment for regular and overtime hours, in violation of the FLSA.

90. Moreover, Plaintiff's termination came just in temporal proximity immediately after Plaintiff participated in protected activity.

91. Defendants Pequenos Gigantes Adult Day Care and Dayana Araujo willfully and maliciously retaliated against Plaintiff Jesus Monzon by engaging in a retaliatory action that was materially adverse to a reasonable employee and with the purpose to dissuade Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

92. The motivating factor which caused Plaintiff Jesus Monzon to be fired from the business, as described above, was his complaints seeking regular and overtime wages from Defendants. In other words, Plaintiff would not have been fired, but for his complaints about overtime wages.

93. Defendants' adverse actions against Plaintiff Jesus Monzon were in direct violation of 29 U.S.C. 215 (a) (3), and, as a direct result, Plaintiff has been damaged.

94. Plaintiff Jesus Monzon has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable Attorney's fees and costs.

Prayer For Relief

Wherefore, Plaintiff Jesus Monzon respectfully requests that this Honorable Court:

A. Enter judgment declaring that the firing of Plaintiff Jesus Monzon by Defendants Pequenos Gigantes Adult Day Care and Dayana Araujo was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B. Enter judgment against Defendants Pequenos Gigantes Adult Day Care and Dayana

      Araujo awarding Plaintiff Jesus Monzon liquidated damages in an amount equal to the amount awarded as consequential damages;

C. For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D. Enter judgment awarding Plaintiff reasonable Attorney's fees and costs of this suit; and

E. Grant such other and further relief as this Court deems necessary and proper.

<u>Demand for a Jury Trial</u>

Plaintiff Jesus Monzon demands trial by a jury of all issues triable as of right by a jury.

Date: July 28, 2023

                                          Respectfully submitted,

                                          By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*